■ 333 EAST 49TH PARTNERS, L.P., Appellant, v LEONARD FLAMM, Respondent. [967 NYS2d 719]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 5, 2012, awarding defendant the principal sum of $35,000 in attorneys' fees, and bringing up for review an order, same court and Justice, entered on or about July 13, 2010, which granted defendant's motion to dismiss the complaint, and an order, same court and Justice, entered July 13, 2011, which confirmed the report of the special referee determining the amount of defendant's attorneys' fees, unanimously modified, on the law and facts, to vacate the award of attorneys' fees in defendant's favor, and otherwise affirmed, without costs.

The motion court correctly determined that plaintiff landlord was not entitled to recover the attorneys' fees it allegedly incurred in a holdover licensee proceeding brought solely against defendant's subtenant. There is no basis for disturbing the finding that although defendant signed affidavits of primary residence to facilitate the subtenant's occupancy of the subject apartment prior to his relinquishment of his right to a renewal lease, he did not cause her continued occupancy during the subsequent 14 months preceding the commencement of the holdover licensee action against the subtenant. In view of the foregoing, we need not address plaintiff's additional arguments regarding dismissal, which do not involve the actual ground for the court's determination.

However, in light of the former tenant's misconduct in signing false affidavits of primary residency and entering into a subtenancy without the consent of the landlord, equitable considerations and fairness militate against an award of attorneys' fees in his favor (*see Kralik v 239 E. 79th St. Owners Corp.*, 93 AD3d 569, 570 [1st Dept 2012]), and we hereby modify to vacate the award. Concur—Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.